CANADY, C.J.,
concurring in part and dissenting in part.
I agree with the decision to remand for an evidentiary hearing on the newly discovered evidence claim regarding the comparative bullet lead evidence. I dissent, however, from the decision to remand the Brady claim related to Priscilla Walker. Because that claim is procedurally barred, I would affirm its denial by the postconviction court. Florida Rule of Criminal Procedure 3.851(d)(2)(A) provides that “no motion” filed beyond the one-year time limitation will be considered unless it alleges “the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence.” See Jimenez v. State, 997 So.2d 1056, 1064 (Fla.2009). Smith’s motion— *207 which was filed beyond the one-year time limitation — did not allege due diligence and thus did not satisfy the basic pleading requirements to overcome the rule’s procedural bar.
POLSTON, J., concurs.